# THOMAS L. KOPP, A MINOR, BY FRED KOPP, HIS FATHER AND GUARDIAN AD LITEM, v. ELMER RECHTZIGEL AND ANOTHER.

141 N. W. (2d) 526.

April 1, 1966—No. 39,909.

*Berens, Rodenberg & O'Connor,* for appellants.
*Johnson & Ildstad,* for respondent.

Otis, Justice.

This is an action for personal injuries resulting from an accident which occurred in South Dakota. Defendants appeal from an order denying their motion for summary judgment and certifying the question raised as important and doubtful.

In the summer of 1963, plaintiff and defendant Gary Rechtzigel, then minor residents of Minnesota, took a pleasure trip to the Black Hills in Gary's car with the understanding they were to share expenses. While Gary was driving, plaintiff sustained serious and permanent injuries when

the car left the road. He was hospitalized in Minnesota for a period of approximately 5 months and incurred medical expenses exceeding $5,000.

Defendants have interposed as a defense the South Dakota Guest Statute which provides in part as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident * * *." S. Dak. Code of 1939, § 44.0362.[1]

For reasons stated in Balts v. Balts, 273 Minn. 419, 142 N. W. (2d) 66, filed herewith, we hold that the South Dakota statute does not govern the question of liability.

Minnesota has not adopted a guest statute but has adhered to the common-law doctrine that a passenger in an automobile is entitled to recover for the ordinary negligence of his host. The policy considerations behind the enactment of such laws are fully discussed in Phelps v. Benson, 252 Minn. 457, 461, 90 N. W. (2d) 533, 536. One of the reasons there assigned is the public distaste for "the proverbial ingratitude of the dog that bites the hand that feeds him." A more practical concern expressed by many courts is that where the real defendant is an insurance company, there is an unusual opportunity for collusion, perjury, and fraud. In addition, it has been said that the resulting verdicts are inevitably reflected in higher insurance rates which the motoring public must bear. However valid these and other arguments may be they have not prompted the adoption of a guest statute by the legislature of this state. In rejecting the South Dakota statute as a bar to recovery, we merely give effect to long-standing public policy governing the rights and liabilities of citizens of Minnesota.

It is unnecessary to repeat what was said in the Balts case where we

---

[1] Because of our disposition of the conflicts question, we do not find it necessary to determine whether defendant's attempted rescission of the agreement to share expenses was effective to confer on plaintiff the status of a "guest without compensation."

refused to confer immunity on a child for a tort committed against his parent in a state which recognized the defense of family immunity. There, as here, both parties were domiciled in Minnesota; the excursion to a neighboring state was of only temporary duration; the automobile was apparently registered, garaged, and insured in Minnesota; and the injured parties could be expected to return here for medical care and treatment. In the instant case the plaintiff and defendants were neighbors and friends. Although in planning their trip neither the question of insurance coverage nor that of ultimate liability for negligence in the operation of the motor vehicle was probably uppermost in their minds, it is fair to infer that the owner intended to protect his passenger against negligent injury, as well as to secure indemnity for liability, in whatever state an accident might occur. We therefore conclude that Minnesota has an overriding concern in the relationship of the parties and in the adjudication of their rights.[2]

Our decision in no way interferes with the legitimate interests of the State of South Dakota, which is entitled to the strict and uniform enforcement of its motor vehicle regulations and the promotion of traffic safety on its highways. It has, in addition, an incidental interest in seeing that hospital and medical expenses incurred in that state are ultimately paid by one or the other of the parties to the accident. We believe that the rights of South Dakota are fully vindicated and indeed better served by

---

[2] Babcock v. Jackson, 12 N. Y. (2d) 473, 240 N. Y. S. (2d) 743, 191 N. E. (2d) 279, 95 A. L. R. (2d) 1; Wilcox v. Wilcox, 26 Wis. (2d) 617, 133 N. W. (2d) 408. The result reached in these two cases has been urged by an impressive array of commentators: Ehrenzweig, *Guest Statutes in the Conflict of Laws—Towards a Theory of Enterprise Liability Under "Foreseeable and Insurable Laws,"* 69 Yale L. J. 595; Weintraub, *A Method for Solving Conflict Problems—Torts,* 48 Cornell L. Q. 215, 220 to 221; Cavers, *Comments on Babcock v. Jackson,* 63 Col. L. Rev. 1219; Cheatham, *Comments on Babcock v. Jackson,* 63 Col. L. Rev. 1229; Currie, *Comments on Babcock v. Jackson,* 63 Col. L. Rev. 1233; Ehrenzweig, *Comments on Babcock v. Jackson,* 63 Col. L. Rev. 1243; Reese, *Comments on Babcock v. Jackson,* 63 Col. L. Rev. 1251. See, also, Dym v. Gordon, 16 N. Y. (2d) 120, 262 N. Y. S. (2d) 463, 209 N. E. (2d) 792. Contra, Friday v. Smoot (Del.) 211 A. (2d) 594.

allowing recovery rather than by denying it. The order denying summary judgment is therefore affirmed.

Affirmed.