### DIANE BOLGREAN, A MINOR, BY MRS. KENNETH COOK, HER GUARDIAN AD LITEM, v. CLARENCE STICH AND ANOTHER.

196 N. W. 2d 442.

March 17, 1972—No. 42950.

*Lamb & Schaefer* and *Raymond A. Lamb,* for appellant.

*Saetre, McLarnan & Stefanson* and *R. B. McLarnan,* for respondents.

Heard before Knutson, C. J., and Otis, Kelly, and Hachey, JJ.

KELLY, JUSTICE.

This case involves the conflict of state laws in an action arising out of an automobile accident. The trial court applied the

North Dakota guest statute[1] to the relevant facts. Plaintiff now appeals from the judgment entered in defendants' favor. Plaintiff's only ground for reversal is that the trial court should have applied Minnesota law. We agree with plaintiff and, accordingly, reverse.

The accident which gave rise to this litigation occurred while defendant Glen Stich was driving and plaintiff, Diane Bolgrean, was his date and passenger. Glen's family lived in Moorhead, Minnesota, and the car he was driving was owned by his father, defendant Clarence Stich, and was registered and licensed in Minnesota. From Moorhead, Glen telephoned the plaintiff who at that time lived in Fargo, North Dakota, and asked her for a date. On the night of the date, Glen drove from Moorhead to Fargo to meet Diane. Their ultimate destination was a dance in South Dakota, and the accident occurred in South Dakota that same evening. The plaintiff was born in and lived in Minnesota except for 4 years when she lived in North Dakota where she attended high school. After the accident and after being graduated from high school, she moved back to Minnesota and worked for her aunt in Moorhead, where she attended night school at Moorhead State College.

The trial court applied the North Dakota guest statute to the facts. N. D. Cent. Code § 39-15-02 (1960) reads in part:

"Any person who as a guest accepts a ride *in any vehicle moving upon any of the public highways of this state,* and who while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle." (Italics supplied.)

N. D. Cent. Code § 39-15-03 states that the host is still liable for injuries or death caused by gross negligence. The jury found no gross negligence on the part of defendant.

The trial court applied the North Dakota guest statute to a South Dakota accident even though the statute expressly limits

---

[1]N. D. Cent. Code § 39-15-02 (1960).

itself to "the public highways of this state [North Dakota]." Assuming that North Dakota law applies, we do not believe that the North Dakota court would apply its statute outside of its state but would instead apply the guest statute of South Dakota.[2] As recently as 1971, the North Dakota Supreme Court affirmed its rule that the question of liability is determined by the law of the state where the accident occurred.[3] Thus, a North Dakota court would apply South Dakota law to this accident even though the only contact with South Dakota is the location of the accident.

We do not believe, however, that either North Dakota law or South Dakota law applies to this case. In determining the applicable law, Minnesota courts must group the contacts of the different states with the controversy in order to find the "center of gravity."[4] North Dakota's only principal contact is the residence of the plaintiff-guest at the time of the accident. The defendant-host is a resident and citizen of Minnesota. The vehicle involved was garaged, licensed, and insured in Minnesota. The owner of the vehicle is a Minnesota resident. The plaintiff lived most of her life in Minnesota and at the time of trial was a resident here. Finally, the trip upon which the accident occurred was initiated by a phone call originating in Minnesota.

In addition to the fact that Minnesota is the center of gravity of the contacts, this state has the greater interest in applying its law. Minnesota, of course, has no guest statute. The only party concerned with predictability is the insurer of the host's vehicle, and the insurer of a Minnesota vehicle, it must be assumed, charged rates applicable to Minnesota risks.

The fact that we believe that Minnesota has the better law

[2] S. D. Comp. Laws § 32-34-1 (1967).

[3] Armstrong v. Miller, 189 N. W. 2d 688 (N. D. 1971). See, also, Pearson v. Erb, 82 N. W. 2d 818 (N. D. 1957).

[4] Schneider v. Nichols, 280 Minn. 139, 158 N. W. 2d 254 (1968); Kopp v. Rechtzigel, 273 Minn. 441, 141 N. W. 2d 526 (1966); Balts v. Balts, 273 Minn. 419, 142 N. W. 2d 66 (1966).

reinforces our decision. The legislature of this state has shown its antipathy toward the guest statute by refusing to enact one. This court in Schneider v. Nichols, 280 Minn. 139, 158 N. W. 2d 254 (1968), expressed its preference for the common law over the guest statute.

The issue of damages was fully litigated below, with the jury returning a figure of $12,000. The accident involved only the Stich vehicle and was caused when the driver lost control and the car ran off the road. It is obvious that defendant Glen Stich was guilty of ordinary negligence.

Reversed with directions to order judgment for plaintiff.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.