ARNOLD MELLK, PLAINTIFF-APPELLANT, v. HELEN SAR-
AHSON, AND LANE SARAHSON, DEFENDANTS-RESPON-
DENTS.

Argued March 6, 1967—Decided April 24, 1967.

*Mr. Hilton Goldman* argued the cause for appellant (*Messrs. Krowen, D'Amico & Chernin,* attorneys).

*Mr. Stanley Z. Goldflam* argued the cause for respondents (*Messrs. Fox, Schackner, Neagle & Mastrangelo,* attorneys; *Mr. Edward F. Neagle, Jr.,* of counsel; *Mr. Stanley Z. Goldflam* on the brief).

The opinion of the court was delivered by

PROCTOR, J. This is a personal injury negligence suit resulting from an automobile accident which occurred in Ohio. At the close of the trial the judge, concluding there was no issue for the jury, entered a judgment of dismissal. The plaintiff appealed to the Appellate Division, and prior to argument there we certified the matter to this Court on our own motion.

Plaintiff and defendant, both residents of Maplewood, New Jersey, decided in the late summer of 1963 to take a one-week motor trip to visit a mutual friend in Madison, Wisconsin. Defendant supplied the car, owned by his mother, and plaintiff contributed $25 to help cover the expenses of operation. After their visit the two young men left Madison on September 6, and on September 7, at about 3:00 A. M. on Route 52 near Cincinnati, Ohio, the accident

occurred when defendant's car struck the rear of a parked car. Plaintiff sued for the injuries he received. At trial he testified that he was sleeping when the accident happened. Shortly after the impact he looked out and observed that defendant's car had struck a car parked off the highway. Defendant testified that the car was parked on the highway at the curb, and that he had come around a bend in the road and had been unable to stop or swerve so as to avoid the accident.

Under Ohio law a host-driver is not liable to his guest for ordinary negligence.

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of said motor vehicle." Ohio Rev. Code § 4515.02.

The trial judge dismissed the suit holding: 1) because the accident occurred in Ohio, the guest statute of that state governed; 2) plaintiff was a guest as a matter of Ohio law; and 3) there was no evidence of willful or wanton misconduct by defendant. On this appeal the plaintiff does not challenge the third finding of the trial judge.

The primary question before us on this appeal is whether Ohio or New Jersey law sets the standard of care owed by defendant-driver to his guest. The traditional rule for determining choice of law in tort cases has been *lex loci delicti*, the law of the place where the wrong occurred. *E. g., Marshall v. Geo. M. Brewster & Son, Inc.*, 37 N. J. 176, 180 (1962); *Harber v. Graham*, 105 N. J. L. 213, 214–215 (*E. & A.* 1928). This rule offers the advantages of certainty, uniformity and predictability. *Daily v. Somberg*, 28 N. J. 372, 380 (1958).

█ Recently there has been recognition by courts and commentators that the mechanical application of *lex loci*

*delicti* to all choice of law problems may work unjust results in a particular case. Where a foreign state has a real interest in having its law apply to the rights and liabilities of parties to an event which occurred within its borders, this Court has recognized that sound principles of comity often require the application of the foreign state's law to a suit brought in the courts of this State. See *Daily v. Somberg, supra,* 28 *N. J.,* at *p.* 379. However, where a foreign state has no real interest in having its law applied to a particular right or liability of parties to an event which occurred within its borders, a mechanical application of a disability or immunity imposed by the *lex loci delicti* may work an unjust result having no relation to the purposes and policies behind the foreign law.

This Court has already recognized that the *lex loci delicti* should not be applied mechanically, but that courts should give attention to other factors which are relevant to the choice of law process. When an employee of a New York firm sued a co-employee for negligence arising out of an automobile accident which occurred in this State, we determined that New York had the paramount interest in the relationship of the parties and applied the New York law which barred tort suits by an employee against a co-employee for injuries suffered in the course of employment though such suits were then permitted in New Jersey. *Stacy v. Greenberg,* 9 *N. J.* 390, 397 (1952). Where a wife sued her husband for injuries received in an automobile accident in New York before the parties married, we applied our law of inter-spousal immunity and dismissed the claim though it was maintainable under New York law because we determined that New Jersey had the paramount interest in the marital relation. *Koplik v. C. P. Trucking Corp.,* 27 *N. J.* 1, 11–12 (1958). And even where we have applied the law of the place of the wrong, we have done so only after full consideration of the policies and purposes of the rules of the states involved. *Wilson v. Faull,* 27 *N. J.* 105, 124 (1958).

■ In the present case the State of Ohio has a real interest in having its rules of the road apply to the conduct of the parties in the operation of a motor vehicle on the highways of that state. Under principles of comity the courts of New Jersey will recognize and follow the Ohio laws relating to traffic safety. See *Ohio Rev. Code* § 4511.21; compare *Smiley v. Arrow Spring Bed Co.*, 138 *Ohio St.* 81, 33 *N. E. 2d* 3, 133 *A. L. R.* 960 (*Sup. Ct.* 1941) and *McFadden v. Elmer C. Breuer Transp. Co.*, 156 *Ohio St.* 430, 103 *N. E. 2d* 385 (*Sup. Ct.* 1952), with *Murray v. Cameron*, 119 *Ohio App.* 93, 197 *N. E. 2d* 207 (*Ct. App.* 1963).

However, we cannot find that Ohio has any real interest in having its guest statute apply to the present case to defeat recovery. The purposes and policies of the Ohio law are twofold: 1) to prevent collusive suits, *Birmelin v. Gist*, 162 *Ohio St.* 98, 108, 120 *N. E. 2d* 711, 717 (*Sup. Ct.* 1954), and 2) to preclude suits by "ungrateful" guests, *Hasbrook v. Wingate*, 152 *Ohio St.* 50, 87 *N. E. 2d* 87, 89, 10 *A. L. R. 2d* 1342 (*Sup Ct.* 1949) ; see Comment, "The Ohio Guest Statute," 22 *Ohio St. L. J.* 629, 630 (1961). New Jersey, on the other hand, has a strong declared policy of requiring a host to use at least ordinary care for the safety of his guest. As Chief Justice Weintraub said in *Cohen v. Kaminetsky*, 36 *N. J.* 276, 283 (1961) :

"The remaining question is whether that duty [of host to guest] should be the usual one to exercise reasonable care or whether something more than ordinary negligence should be required as is done by the 'guest' statutes * * *.

We see no reason why the host should be less vigilant for his own guest than he must be for a guest in another car. The duty to exercise reasonable care is as appropriate in the one situation as in the other.

It sometimes is suggested that the recipient of a favor should be more grateful. The short answer is that the favor is hardly worth the price exacted from the injured in thus absolving the wrongdoer. * * *

Nor are we impressed with the further thought that the prospect of collusion should lead to a different standard of care. We see no inevitable connection between the subjects. It is the regular business of the courts to find the truth. We ought not deny what should be

due the many for fear that the judicial process cannot weed out the spurious claims of a few."

Thus in New Jersey a guest can recover against his host on evidence of ordinary negligence and need not show willful or wanton misconduct.

The present suit involves two residents of the State of New Jersey, whose host-guest relationship originated and was to terminate in our State, and the suit is in our courts. Automobile insurance, if any, carried by defendant would have been obtained under rates applicable to this State. The strong New Jersey policy of allowing an injured guest to sue his host for negligence under such circumstances is not diminished merely because the accident occurred in another state. The desire of Ohio to prevent collusive suits and suits by "ungrateful" guests applies to persons living in its state, defendants insuring motor vehicles there, and persons suing in its courts. Recovery for negligence in this action will not transgress these purposes in any way, will not frustrate the concerns which prompted the Ohio Legislature to enact a guest statute, and will not in the slightest impair traffic safety in Ohio.

On facts similar to those in the present case the New York Court of Appeals held for a plaintiff-guest. *Babcock v. Jackson,* 12 *N. Y.* 2d 473, 240 *N. Y. S.* 743, 191 *N. E.* 2d 279, 95 *A. L. R.* 2d 1 (1963). There two New York residents began an automobile trip from that state to Ontario, the plaintiff being a guest in defendant's automobile. While in Ontario the driver struck a stone wall injuring the plaintiff. Though Ontario law barred any recovery by a guest against a host-driver, the court permitted the guest to sue under New York law which allows recovery by a guest against his host-driver for ordinary negligence. We think the following reasons which Judge (now Chief Judge) Fuld gave for this result are sound.

"Justice, fairness and 'the best practical result' * * * may best be achieved by giving controlling effect to the law of the jurisdiction

which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation. * * *

\* \* \* \* \* \* \* \*

The present action involves injuries sustained by a New York guest as the result of the negligence of a New York host in the operation of an automobile, garaged, licensed and undoubtedly insured in New York, in the course of a week-end journey which began and was to end there. In sharp contrast, Ontario's sole relationship with the occurrence is the purely adventitious circumstance that the accident occurred there.

New York's policy of requiring a tort-feasor to compensate his guest for injuries caused by his negligence cannot be doubted * * *. Per contra, Ontario has no conceivable interest in denying a remedy to a New York guest against his New York host for injuries suffered in Ontario by reason of conduct which was tortious under Ontario law. The object of Ontario's guest statute, it has been said, is 'to prevent the fraudulent assertion of claims by passengers, in collusion with the drivers, against insurance companies' * * * and, quite obviously, the fraudulent claims intended to be prevented by the statute are those asserted against Ontario defendants and their insurance carriers, not New York defendants and their insurance carriers. Whether New York defendants are imposed upon or their insurers defrauded by a New York plaintiff is scarcely a valid legislative concern of Ontario simply because the accident occurred there, any more so than if the accident had happened in some other jurisdiction." *Id.,* 12 *N. Y. 2d,* at *p.* 481–483, 240 *N. Y. S. 2d,* at *p.* 749, 191 *N. E. 2d,* at *pp.* 283–284.

The *Babcock* result was greeted with considerable approval by those scholars asked to comment on the decision in a *Columbia Law Review* article. Cavers, Cheatham, Currie, Ehrenzweig, Leflar and Reese, "Comments on Babcock v. Jackson," 63 *Col. L. Rev.* 1212 (1963). New York has continued to apply the *Babcock* approach to choice of law problems in later tort cases involving guest statutes of foreign states. See *Dym v. Gordon,* 16 *N. Y. 2d* 120, 262 *N. Y. S. 2d* 463, 209 *N. E. 2d* 792 *(Ct. App.* 1965), and *Macey v. Rozbicki,* 18 *N. Y. 2d* 289, 274 *N. Y. S. 2d* 591, 221 *N. E. 2d* 380 *(Ct. App.* 1966).

Other courts in recent years have refused to apply the guest statutes of the state where an automobile accident occurred when both plaintiff-guest and defendant-driver were residents in the forum state which did not have a guest

statute and the guest-host relationship originated in the forum state. *Kopp v. Rechtzigel,* 273 *Minn.* 441, 141 *N. W. 2d* 526 *(Sup. Ct.* 1966); *Clark v. Clark, N. H.,* 222 *A. 2d* 205 *(Sup. Ct.* 1966); *Wilcox v. Wilcox,* 26 *Wis. 2d* 617, 133 *N. W. 2d* 408 *(Sup. Ct.* 1965); and see *Griffith v. United Air Lines, Inc.,* 416 *Pa.* 1, 203 *A. 2d* 796 *(Sup. Ct.* 1964). *Contra: White v. King,* 244 *Md.* 348, 223 *A. 2d* 763 *(Ct. App.* 1966). But see *Friday v. Smoot, Del.,* 211 *A. 2d* 594 *(Sup. Ct.* 1965). See generally cases collected in *Annotation,* 95 *A. L. R. 2d* 12 (1964).

The great majority of commentators would support, for different reasons, the right of a guest to recover against his negligent host-driver for injuries received in a foreign state which has a guest statute where, as in the present case: 1) the forum state has no such statute and would allow recovery under its law, 2) the host-guest relationship originated in the forum state, and 3) both parties resided in the forum state. The following reasons have been given to support this result: 1) the foreign state has no real interest in having its law applied whereas the forum state has a great concern to compensate its negligently injured residents, Currie, "Notes on Methods and Objectives in the Conflict of Laws," 1959 *Duke L. J.* 171, 178, Traynor, "Is This Conflict Really Necessary?" 37 *Texas L. Rev.* 657, 667–668 (1959), and Weintraub, "A Method for Solving Conflicts Problems—Torts," 48 *Cornell L. Q.* 215, 220–221 (1963); 2) the defendant's car is insured and garaged in the forum state, Ehrenzweig, "Guest Statutes in the Conflict of Laws," 69 *Yale L. J.* 595, 603 (1960); 3) the seat of the relationship is in the forum state, *D. Cavers, The Choice-of-Law Process* 89 and 166 (1965); 4) consideration of the five factors—predictability, maintenance of interstate order, simplification of the judicial task, advancement of the forum's governmental interest, and application of the better rule of law —relevant to the choice of law process directs application of the forum's law, Leflar, "Choice-Influencing Considerations in Conflicts Law," 41 *N. Y. U. L. Rev.* 267, 310–312 (1966);

and 5) the forum state has the most significant relationship with the parties, *Restatement, Conflicts 2d* § 379 (*Tent. Draft No. 9*, 1964). The language of Comment (d) to § 379(3) at *p. 9* is directly on the point:

"[T]he circumstances under which a guest passenger has a right of action against the driver of an automobile for injuries suffered as a result of the latter's negligence will be determined by the local law of their common domicil, if at least this is the state from which they departed on their trip and that to which they intended to return, rather than by the local law of the state where the accident occurred."

*But see* Sparks, *"Babcock v. Jackson* — A Practicing Attorney's Reflections Upon the Opinion and Its Implications," 31 *Ins. Counsel J.* 428 (1964) (*Babcock* approach criticized as leading to illogical and uncertain results). See generally Note, 20 *Rutgers L. Rev.* 572 (1966).

In the present case the plaintiff-guest alleged that he was injured due to the negligence of defendant-driver. The evidence at trial was sufficient to show ordinary negligence. Both plaintiff and defendant are residents of New Jersey, the host-guest relationship was formed and was to end here, and the car is insured, if at all, under rates applicable to this State. We are convinced that New Jersey has the paramount interest in fixing the rights and liabilities arising from this host-guest relationship, and that Ohio has no real interest in having its guest statute applied so as to bar recovery here for ordinary negligence.

The advantages of uniformity, certainty and predictability often attributed to the *lex loci delicti* approach must yield when an unvarying and mechanical application of this rule would cause a result which frustrates a strong policy of this state while not serving the policy of the state where the accident occurred. See Reese, "Comments on *Babcock v. Jackson*," *supra*, 63 *Col. L. Rev.*, at *p.* 1254; *cf. Kievit v. Loyal Protect Life Ins. Co.*, 34 *N. J.* 475, 492 (1961). The judicial doctrine of *stare decisis* has not prevented this Court in the past from changing rules which we determined were

no longer right and just, and does not preclude us here from adopting a choice of law principle in tort cases which we believe responsive to the purposes and policies of the law. See *Smith v. Brennan,* 31 *N. J.* 353, 361 (1960) ; *Collopy v. Newark Eye and Ear Infirmary,* 27 *N. J.* 29, 42 (1958).

We hold that while the substantive law of Ohio governs the conduct of the parties insofar as this relates to the rules of the road, the New Jersey rule allowing a guest to sue his host-driver for ordinary negligence applies to the present case. This holding makes it unnecessary for us to decide plaintiff's further contention that even if the Ohio guest statute applied, he was not as a matter of Ohio law a guest "being transported without payment therefor."

For the foregoing reasons the judgment of the trial court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.