99 N.J. Super. 559 (1968)
240 A.2d 693
LENA MAFFATONE, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF MARIA PANZARINO, DECEASED, PLAINTIFF-RESPONDENT,
v.
MATTHEW WOODSON, DEFENDANT, AND DOMINICK PANZARINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1968.
Decided March 15, 1968.
*560 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Wood M. De Yoe argued the cause for appellant (Messrs. Stalter, De Yoe & Guiney, attorneys; Mr. Aaron Dines, on the brief).
Mr. Meyer Pesin argued the cause for respondent.
The opinion of the court was delivered by FOLEY, J.A.D.
In this wrongful death action defendant, Dominick Panzarino, appeals from a judgment of the Law Division entered on a jury verdict in favor of plaintiff, administratrix ad prosequendum. The deceased, Maria Panzarino, was killed in an automobile accident in New Jersey when a car driven by her husband, Nicholas Panzarino, and owned by his father, Dominick Panzarino, collided with an automobile driven by defendant, Matthew Woodson.
On February 29, 1964 Nicholas borrowed Dominick's automobile in Brooklyn, New York for the purpose of driving to Garfield, New Jersey to pay respects to a deceased *561 member of the family, He took with him his wife, mother-in-law, brother-in-law, sister-in-law and four children. All of these persons, and also Dominick, were residents of the State of New York. The Panzarino vehicle was registered in that State. The fatal accident occurred in Passaic, New Jersey. Woodson was a New Jersey resident.
When the case came to trial Dominick Panzarino sought to invoke the New Jersey rule that the owner of a motor vehicle being operated in this State is only liable for the negligence of the driver thereof if an agency relationship is established. Plaintiff contended that under the facts and circumstances of this case the liability of the owner was governed by a New York statute which provides:
"Every owner of a vehicle used or operated in this State shall be liable and responsible for a death or injuries to persons or property resulting from negligence in the use or operation of such vehicle in the business of such owner or otherwise by any person using or operating the same with permission expressed or implied of such owner." Vehicle and Traffic Law, McKinney's Consol. Laws, c. 71, sec. 388.
The trial court in its main instructions charged this statute to the jury. In the course of its deliberations the jury through its forelady presented to the court the following question:
"Does New York law regarding ownership and accident liability of an accident which occurs apply in New Jersey?"
The court replied:
"My answer to that inquiry is, yes, it does apply."
The appeal therefore turns upon the applicability and construction of the quoted statute.

I
The modern choice of law rule in tort cases is that the local law of the State which has the most significant relationship *562 with the occurrence and with the parties determines their rights and liabilities. Restatement, Second, Conflict of Laws, § 379 (Tent. Draft No. 9, 1964).
Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963) is the country's leading judicial expression of this modern view. In that case the court applied the law of New York rather than that of Ontario, where the automobile accident occurred, to determine the rights of a guest passenger against the driver of a car. The resultant rule of law was the "center of gravity," or "most significant contacts" test to determine which local law was applicable.
Until recently the New Jersey rule for determining choice of law in tort cases had been that the law of the place of the wrong governs. Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176, 180 (1962). Then In Mellk v. Sarahson, 49 N.J. 226 (1967) our Supreme Court indicated that it would no longer apply the lex loci delicti mechanically, if such application would frustrate a strong policy of this State while not serving the policy of the State where the accident occurred. In Mellk, two New Jersey residents embarked on a motor trip to Wisconsin and, while in Ohio, their car became involved in an accident. Plaintiff, a passenger in the vehicle, a New Jersey car, brought a negligence action against the driver defendant in a New Jersey court. The trial judge dismissed the action holding that Ohio's guest statute barred the suit. The Supreme Court reversed holding that New Jersey law applied inasmuch as "New Jersey has the paramount interest in fixing the rights and liabilities arising from this host-guest relationship * * *." (49 N.J., at p. 234).
In the instant case, unlike in Mellk, the accident occurred in this State and so we have the Mellk situation in reverse. Therefore the question arises: Should we apply New York law although the accident occurred in New Jersey?
We conclude that the New York statute was properly applied to the determination of the liability of Dominick Panzarino. New York unquestionably had the most significant *563 contacts with the affected parties to this litigation and the specific issues raised therein. The Panzarino car was registered and borrowed in New York; decedent, plaintiff, and defendants, Panzarino, were residents of New York; the ill-fated journey originated in New York. On the other hand, New Jersey contacts were adventitious and limited. The only purpose of the trip to New Jersey was to make a condolence call, after which, presumably, Nicholas and his relatives intended to return to New York. The only New Jersey defendant, Woodson, had no justiciable interest in which law applied since only Dominick Panzarino was affected by the ruling on that subject. There were no New Jersey residents with interests to be protected by the law of the forum State, whereas New York had an interest in the adequate compensation for the wrongful death of a New York resident.

II
The question of statutory construction, as we have mentioned above, requires a determination of whether the New York statute has extraterritorial effect.
Appellant cites a number of New York cases which ostensibly hold that the statute does not apply to out-of-state accidents. Fornaro v. Jill Bros. Inc., 22 A.D.2d 695, 253 N.Y.S.2d 771 (1964), affirmed 15 N.Y.2d 819, 257 N.Y.S.2d 938, 205 N.E.2d 862 (1965), held that New Jersey's law of agency applied to a New York based accident. However, the strict holding of the case was that New Jersey had the most significant contacts with the parties and issues in litigation, in line with the Babcock rationale. By way of dicta the court stated that section 388 applied only to a vehicle operated in New York.
In Selles v. Smith, 4 N.Y.2d 412, 176 N.Y.S.2d 267, 151 N.E.2d 838 (1958), Cherwien v. Geiter, 272 N.Y. 165, 5 N.E.2d 185 (1936), and Miranda v. LoCurto, 249 N.Y. 191, 163 N.E. 557 (1928), it was held that the New York statute imposing liability on an automobile owner was not *564 applicable to accidents which occurred in foreign jurisdictions. However, it is not clear whether the court decided these cases on the ground that the statute had no extraterritorial effect or because the then relevant choice of law rule required the application of lex loci delicti.
Recently the issue was squarely decided in Farber v. Smolack, 20 N.Y.2d 198, 282 N.Y.S.2d 248, 229 N.E.2d 36 (1967). In that case defendant, a New York resident, loaned his car to a brother, also a resident of New York, for a trip to Florida. On the return trip the automobile was involved in an accident in which plaintiff's intestate was killed. The question before the court was whether the provisions of the New York statute were properly applicable to an occurrences beyond the boundaries of the State. The Court of Appeals held that the statute had extraterritorial effect, saying that although the statute in literal terms applied to the use and operation of a vehicle in New York, the relationship of the parties should be governed in toto by New York law, citing Babcock v. Jackson, supra.
We are satisfied that the law of New York is that the statute in question applies to an out-of-state accident at least where, as here, all the interested parties are residents of that State. Since New York's interpretation of its own statute does not conflict with the choice of law policy of New Jersey we think it should be followed here. Accordingly, the judgment is affirmed.