101 N.J. Super. 184 (1968)
243 A.2d 842
EDWARD MULLANE, PLAINTIFF,
v.
WILLIAM STAVOLA, AND MARY STAVOLA, DEFENDANTS. MARIE C. SLANE, ADMINISTRATRIX AD PROS. AND GENERAL ADMINISTRATRIX OF THE ESTATE OF FRANCIS J. SLANE, JR., DECEASED AND MARIE C. SLANE, INDIVIDUALLY, PLAINTIFFS,
v.
WILLIAM STAVOLA, AND MARY STAVOLA, DEFENDANTS. JOSEPH F. SOMERSET, PLAINTIFF,
v.
WILLIAM STAVOLA, AND MARY STAVOLA, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 15, 1968.
*185 Mr. Stephen E. Barcan for plaintiff Mullane (Messrs. Wilentz, Goldman and Spitzer, attorneys).
Mr. John A. Pindar for plaintiffs Slane (Messrs. Pindar, McElroy, Connell and Foley, attorneys).
Mr. Edwin T. Ferren for plaintiff Somerset (Messrs. Richman, Berry and Ferren, attorneys).
Mr. Henry H. Rubenson for defendants Stavola.
HALPERN, A.J.S.C.
This is a motion for judgment on the pleadings by the defendants based on their affirmative defense that the guest statute of the State of Florida bars plaintiffs' suits arising from an automobile accident which occurred there; and a cross-motion by the plaintiff, Edward Mullane, (now deceased), to strike that defense. The plaintiffs in the consolidated cases have agreed to be bound by the determination of these motions.
*186 The plaintiffs' complaints charge defendants with negligence in failing to exercise reasonable care in the operation of their automobile, resulting in their sustaining personal injuries and/or wrongful death. The defendants contend the Florida law, which provides that a guest may not recover against his host-driver, applies unless he alleges and proves the driver to be grossly negligent or guilty of willful and wanton misconduct. Florida Statute § 320.59.
The following facts are undisputed: The plaintiffs, Edward Mullane, (now deceased), Francis J. Slane Jr. (now deceased) and Joseph F. Somerset, and the defendant, William Stavola, all domiciled in New Jersey when the accident occurred, were students at St. Leo's College, Dade City, Florida, for the school year 1966-1967. On November 12, 1966 while returning to the campus from Dade City, the automobile operated by the defendant, William Stavola, and owned by his mother, Mary Stavola, collided with a telephone pole. There were six fellow students in the Stavola automobile. Three died immediately, or soon thereafter, from injuries received in the accident. Plaintiff, Edward Mullane, was one of the survivors  he remained in a coma from the date of the accident to February 15, 1968 when he died. Plaintiff, Joseph F. Somerset, and defendant, William Stavola, are the only remaining survivors.
Admittedly, the Stavola automobile was registered with the New Jersey Division of Motor Vehicles. Insurance was obtained in New Jersey and paid for under rates applicable therein. The plaintiffs and William Stavola resided in Florida while attending college and their ill-fated trip started and ended in Florida. Their respective parents were domiciled in New Jersey, and the plaintiffs and William Stavola expected to return to their New Jersey homes at the end of the school year.
The narrow issue is whether, under the facts here existing, New Jersey or Florida law applies on the issue of the duty owed by a host-driver to his guests.
*187 New Jersey abandoned the lex loci delicti approach (that is, application of the law of the place of the wrong) in Mellk v. Sarahson, 49 N.J. 226 (1967), and adopted the approach used in Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963). In Babcock, New York repudiated the lex loci delicti "jurisdiction-selecting" rule and replaced it with a "grouping of contacts" or "center of gravity" test as being more flexible and just. Today, the touchstone is to determine which state has the paramount governmental interest, or concern, in fixing the rights and liabilities between the parties when the case has multi-jurisdictional contacts.
The defendants argue that the guest law of Florida is applicable and rely heavily upon the 4 to 3 decision by the New York Court of Appeals in Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (Ct. App. 1965), which they contend is on all fours with the instant case. In Dym suit was commenced in New York by a New York passenger-guest against a New York driver-host, driving a New York registered car. The action was for personal injuries caused by the negligent operation of the host's car on a trip that began and ended in Colorado. Both plaintiff and defendant were domiciled in New York but were fellow students attending Colorado University when the accident occurred. The court held the Colorado guest statute applicable. I am convinced the majority of the court in Dym misapplied the rule in Babcock; and, in any event, Dym by the criteria laid down in Mellk is not the law in New Jersey. The majority in Dym fashioned a weighted contacts analysis, with the site (Colorado) where the relationship arose being the overly-weighted contact. The parties had "come to rest" there and were living under the aegis of Colorado law. The loci was not fortuitous. The majority of the court relegated public policy to a distant secondary position:
"* * * preoccupation with New York social welfare problems * * * should not be treated as `contacts' which are found then to outweigh *188 the factual contacts. * * * Public policy, per se, plays no part in a choice of law problem." (262 N.Y.S.2d 463, 468-469, 209 N.E.2d 792, 795-796).
Judge Fuld, who wrote the majority opinion in Babcock, sharply dissented:
"It was our endeavor in Babcock to identify, in the first instance, the policies embodied in the particular laws in conflict, then to ascertain the interests of the jurisdictions involved * * * in view of their contacts with the case * * *. The mere fact that the guest-host relationship between the New York parties originated in Colorado has, in truth, as little relevance to the policy underlying that state's guest statute * * * as did the fact, in Babcock, of the occurrence of the accident in Ontario in relation to the similar policy embodied in its guest statute." (262 N.Y.S.2d 463, 471-472, 209 N.E.2d 792, 798-799)
The dissent in Dym comports with the philosophy expressed by Justice Proctor in Mellk on p. 229: "This Court has already recognized that the lex loci delicti should not be applied mechanically, but that courts should give attention to other factors which are relevant to the choice of law process." See also Note: The "Grouping of Contacts" Rule, etc., 20 Rutgers L.R. 572 (1966); Reich v. Purcell, Cal. 63 Cal. Rptr. 31, 432 P.2d 727 (1967); 46 Texas L.R. 141 (1967).
As held in Mellk, supra, the state wherein the wrong occurred has the dominant interest in regulating conduct within its borders, so that the rules of the road of Florida would apply to motor vehicles being driven on its highways. Florida, however, has little or no interest in denying a remedy for injuries suffered in Florida involving New Jersey domiciliaries. Florida's concern operates to avoid imposition of excessive financial burdens on host-drivers. Its guest statute was enacted "under the impetus of a feeling that the gratuitous guest is entitled to no claim against his host for the ordinary mishaps of modern traffic, and under the impetus of the claim of liability insurance companies that frequent collision *189 between host and guest has increased insurance rates." Prosser, Law of Torts, § 77 (2nd edition, 1955).
In comparing Florida's policy goal in its guest statute against New Jersey's strong declared policy of compelling a host-driver to exercise ordinary care for the safety of his guest-passengers, and to compensate them for injuries caused by his negligence, one must conclude that Florida's guest law must give way. See Cohen v. Kaminetsky, 36 N.J. 276 (1961). Any test which gives little or no weight to a "policy" test is at best artificial. When courts speak of "grouping of contacts," "center of gravity," "paramount interest," "seat of the relationship" or "fortuitous circumstances," they are really attempting to arrive at a selective result. One might with more reason say "what law does justice require be applied?"
As I view it, by any of the aforesaid tests, New Jersey law should be applied in the instant case. Even though Florida's "contacts" may be quantitatively greater than New Jersey's they are qualitatively less significant. The salient consideration is that all the parties at the time of the accident were domiciled in New Jersey. Their Florida residences were temporary. New Jersey's interest and concern in the parties as domiciliaries was greater than Florida's interest in them as temporary residents, hence New Jersey's public policy requiring drivers to exercise greater care for passengers than Florida does should control. The car was licensed under the laws of New Jersey and the insurance coverage was written and rated pursuant to such laws. Such insurance coverage was considereed highly significant by Chief Justice Traynor in Reich v. Purcell, supra, 63 Cal. Rptr., at p. 35, 432 p.2d, at p. 731 when he said:
"A defendant cannot reasonably complain when compensatory damages are assessed in accordance with the law of his domicile and plaintiffs receive no more than they would have had had they been injured at home."
*190 The distillation of all I have said imposes upon a court the duty to search and find the proper law to apply based upon the interests of the litigants and the states involved. Therefore, if an application of the law of the place of the wrong would defeat the interests of the litigant and of the states concerned, that law should not be applied. Reich v. Purcell, supra.
Defendants' motion for summary judgment is denied. Plaintiffs' motions to strike defendants' affirmative defense applying the Florida guest statute are granted.
Plaintiffs will present an appropriate order.