106 N.J. Super. 324 (1969)
255 A.2d 792
STEVEN PFAU, ET AL., PLAINTIFFS-APPELLEES,
v.
TRENT ALUMINUM COMPANY, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 9, 1969.
Decided July 3, 1969.
*325 Before Judges SULLIVAN, FOLEY and LEWIS.
Miss Sonia Napolitano argued the cause for appellants (Messrs. Pindar, McElroy, Connell & Foley, attorneys; Mr. John A. Pindar, of counsel; Mr. Richard D. Catenacci, on the brief).
Mr. Jerome L. Yesko argued the cause for appellees (Messrs. Yesko and Marcus, attorneys; Mr. Jacob D. Fuchsberg and Mr. Elliot F. Topper, of counsel).
The opinion of the court was delivered by FOLEY, J.A.D.
With our leave defendants appeal from an interlocutory order of the Law Division by which the fourth separate defense set forth in defendants' answer was stricken. The precise question presented is whether, under the "grouping of contacts" or "center of gravity" approach adopted in this State by Mellk v. Sarahson, 49 N.J. 226 (1967), the law of Iowa which precludes an action, based upon ordinary negligence, by a guest in an automobile against his host, applies, or whether the law of New Jersey, which permits such a recovery, is applicable.
Plaintiff Steven Pfau was injured while riding as a guest passenger in a car driven by defendant Bruce Trent and owned by defendant Trent Aluminum Company. The accident occurred in Iowa on April 22, 1966 when the Trent car, while rounding a curve, crossed over the center line of a roadway and collided with a vehicle proceeding in the opposite direction.
Plaintiff, a domiciliary of Connecticut, was a student at Parsons College in Fairfield, Iowa. Defendant Bruce Trent, a New Jersey domiciliary, was also a student at that college. Both lived in college dormitories in Iowa. Trent Aluminum *326 Company is a New Jersey corporation which is owned by Bruce Trent's father. The occupants of the oncoming car, Joseph Davis, his wife and child, were Iowa residents and domiciliaries, and they all were seriously injured in the accident.
It was conceded on the oral argument that the Davis claims have been settled by defendants' insurance carrier, a New Jersey corporation, and that such claimants have no further interest in the matter. The vehicle driven by Trent was licensed and insured in New Jersey.
Pfau and Trent first met as students at Parsons College. Several days prior to April 22, 1966 Trent agreed to take Pfau with him on a trip to Columbia, Missouri. The boys were to stay over in Missouri and return to college in Iowa at the conclusion of the weekend. Pfau and Trent left Fairfield, Iowa, in the early evening of April 22, 1966. The accident occurred about one hour later.
The traditional rule for determining choice of law in tort cases has been lex loci delicti, the law of the place where the wrong occurred. Mellk v. Sarahson, supra, at page 228. However, in that case the court went on to say that recently there has been recognition by courts and commentators that the mechanical application of lex loci delicti to all choice-of-law problems may work unjust results in a particular case.
Following Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (Ct. App. 1963), the Mellk court adopted the grouping of contacts or center of gravity principle and concluded that New Jersey had the paramount interest in fixing the rights and liabilities arising from the host-guest relationship and that the foreign state in which the accident occurred had no real interest in having its guest statute applied, pointing out, among other things, that both plaintiff and defendant were residents of New Jersey and that the host-guest relationship was formed and was to end here. 49 N.J., at page 234.
In Babcock the court, in refusing to apply an Ontario guest statute and holding that the concern of New York was unquestionably *327 the greater and more direct, the interest of Ontario being at best minimal, stated:
"The present action involves injuries sustained by a New York guest as the result of the negligence of a New York host in the operation of an automobile, garaged, licensed and undoubtedly insured in New York, in the course of a week-end journey which began and was to end there. In sharp contrast, Ontario's sole relationship with the occurrence is a purely adventitious circumstance that the accident occurred there." (240 N.Y.S.2d, at p. 750, 191 N.E.2d, at p. 284).
In Maffatone v. Woodson, 99 N.J. Super. 559 (App. Div. 1968), certification denied 51 N.J. 577 (1968), we upheld an instruction to the jury that the law of New York applied with respect to the liability and responsibility for a death and injuries to persons or property resulting from negligence in the use or operation of such vehicle in the business of such owner, or otherwise, by using or operating the same with permission, express or implied, of such owner. See Vehicle and Traffic Law, McKinney's Consol. Laws, c. 71, § 388. In that case, a wrongful death action, decedent was killed in an automobile accident in New Jersey when the car driven by her husband and owned by his father was in collision with an automobile operated by a New Jersey resident. Citing Babcock and Mellk, supra, we held that in the circumstances, which included in addition to the facts stated, that the only purpose of a trip from New York to New Jersey was to pay respects to a deceased member of the family, after which, presumably, the car in which deceased was riding would return to New York, the substantive law of that state was controlling. It was our view that there were no New Jersey residents whose interest would be protected by the law of the forum state, whereas New York had an interest in the adequate compensation for the wrongful death of a resident. 99 N.J. Super., at page 563.
Plaintiff cites and places considerable reliance upon Mullane v. Stavola, 101 N.J. Super. 184 (Law Div. 1968). With *328 out expressing any view as to the holding in Mullane, we conclude that it is readily distinguishable in the important respect that in that case both plaintiff's decedent and defendant were domiciliaries of New Jersey. There, the court said:
"As I view it, * * * New Jersey law should be applied in the instant case. Even though Florida's `contacts' may be quantitatively greater than New Jersey's they are qualitatively less significant. The salient consideration is that all the parties at the time of the accident were domiciled in New Jersey. Their Florida residences were temporary. New Jersey's interest and concern in the parties as domiciliaries was greater than Florida's interest in them as temporary residents, hence New Jersey's public policy requiring drivers to exercise greater care for passengers than Florida does, should control." (101 N.J. Super., at p. 189; emphasis added)
In the present case the basis for the trial court determination was that as between Iowa and New Jersey, the latter had the more significant contacts with the parties and the greater governmental interest in the matter. We cannot agree.
The only alleged contacts of New Jersey were that defendants were domiciliaries of this state and their vehicle was licensed in New Jersey and insured by a New Jersey corporation. As we have noted, the ill-fated trip commenced in Iowa and was designed to terminate in that state, and the accident occurred there. Moreover, the parties to the instant litigation were temporary residents of that state and the injured persons in the other car were residents of that state. Furthermore, the host-guest relationship came into being in Iowa. Lastly, Pfau was a domiciliary of Connecticut which is a lex loci delicti jurisdiction.
It is our judgment that upon the facts of the instant case it clearly appears that applying the "center of gravity" or "most significant contacts" test Iowa had the more significant contacts with the parties to this litigation.
Therefore, for the reasons stated, we conclude that the guest statute of Iowa was properly pleaded by defendants. Accordingly, the interlocutory order of the Law Division is *329 set aside with the direction that the fourth separate defense of defendants' answer be reinstated.
Reversed.