694 A.2d 597

THOMAS PETEROY AND DENISE PETEROY, PLAINTIFFS–RE-
SPONDENTS, v. MARTIN L. TRICHON, ESQ., DEFENDANT,
AND MARION, SATZBERG, TRICHON & KOGAN, P.C., DEFEN-
DANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 7, 1997—Decided June 12, 1997.

Before Judges LONG, SKILLMAN and A.A. RODRÍGUEZ.

*Bruce S. Luckman* argued the cause for appellant (*Marion, Satzberg, Trichon & Kogan,* attorneys; *Mr. Luckman,* of counsel and on the brief; *Ariella E. Nadel,* on the brief).

*James Passantino* argued the cause for respondents (*Maybruch & Zapcic,* attorneys; *Sam Maybruch,* of counsel; *Robert A. Blanda, Jr.,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

This appeal requires us to determine whether *Rule* 1:21–7, which governs contingent fee agreements, applies to an agreement between an out-of-state law firm and a New Jersey resident for legal representation in connection with a personal injury claim arising out of a New Jersey automobile accident which is settled before the filing of suit.

On May 12, 1989, plaintiffs Thomas and Denise Peteroy were injured in an automobile accident in Toms River, New Jersey. At the time of the accident, both the operator of the other vehicle and plaintiffs were residents of New Jersey. Plaintiffs were so seriously injured that they were taken by helicopter to Cooper University Medical Center in Camden. Five days later, defendant Marion, Satzberg, Trichon & Kogan, P.C., a firm of Pennsylvania lawyers with offices in Philadelphia,[1] dispatched an "agent" to the hospital with a "contingent fee retainer agreement" which obligated plaintiffs to pay defendant 33 1/3% of any recovery they obtained for their personal injuries suffered in the accident. At that time, defendant had no office in New Jersey and none of its attorneys were licensed to practice law in New Jersey. Although Denise Peteroy signed the agreement on May 17, 1989, Thomas Peteroy did not sign the agreement until several weeks later because he was still unconscious when defendant's agent first came to the hospital. In the fall of 1990, without having filed suit,

---

[1] Defendant's trial brief states that subsequent to its representation of plaintiffs, defendant opened a New Jersey office in January of 1996.

defendant entered into a settlement agreement on plaintiffs' behalf, which provided for payments of $475,000 to plaintiffs, from which defendant deducted costs plus a counsel fee of one-third of the net recovery, distributing to plaintiffs a balance of $315,636.42.

Subsequently, plaintiffs filed this action seeking recovery of the portion of defendant's contingent fee which exceeded the maximum then permitted under *Rule* 1:21-7(c). The matter was brought before the trial court by cross motions for summary judgment. During oral argument on the motions, defendant's counsel conceded that if the case had not been settled prior to filing suit, it "would have been referred to New Jersey counsel or local counsel and [*Rule* 1:21-7] would have applied." However, defendant argued that the New Jersey rules governing the practice of law, including *Rule* 1:21-7, did not apply to its representation of plaintiffs because "in this case, we have Pennsylvania lawyers not leaving their Pennsylvania offices and settling a case from their Pennsylvania offices."

The trial court rejected this argument, ruling that "the public policy of the State of New Jersey" with respect to the regulation of contingent fees was controlling. The court noted that the automobile accident occurred in New Jersey, the parties were New Jersey residents, and the contingent fee agreement was executed in New Jersey. Consequently, the court entered judgment for plaintiffs in the amount of $19,831.55, representing the difference between the fees which defendant deducted from plaintiffs' recovery and the maximum contingent fee permitted under *Rule* 1:21-7(c) plus prejudgment interest.[2]

Defendant appeals. We affirm.

■ The Supreme Court of New Jersey has plenary authority over the practice of law. *N.J. Const.* art. IV, § 2, ¶ 3; *see In re Opinion No. 26 of Comm. on Unauthorized Practice of Law*, 139

---

[2] Plaintiffs' complaint against defendant Martin L. Trichon, one of the members of defendant Marion, Satzberg, Trichon & Kogan, P.C., was dismissed. The record does not indicate the basis of that dismissal.

*N.J.* 323, 326, 654 *A.*2d 1344 (1995). Thus, the Court may adopt "reasonable rules of general application governing the professional conduct of attorneys, both in and out of court." *American Trial Lawyers Ass'n v. New Jersey Supreme Court,* 126 *N.J.Super.* 577, 585–86, 316 *A.*2d 19 (App.Div.), *aff'd* 66 *N.J.* 258, 330 *A.*2d 350 (1974). Pursuant to this constitutional authority, the Court adopted *Rule* 1:21–7, which provided in pertinent part at the time defendant undertook the representation of plaintiffs:

(b) An attorney shall not enter into a contingent fee arrangement without first having advised the client of the right and afforded the client an opportunity to retain the attorney under an arrangement for compensation on the basis of the reasonable value of the services.

(c) In any matter where a client's claim for damages is based upon the alleged tortious conduct of another, ... an attorney shall not contract for, charge, or collect a contingent fee in excess of the following limits:

(1) 33 1/3% on the first $250,000 recovered;

(2) 25% on the next $250,000 recovered;

This rule applies to a member of the Bar in another state who appears *pro hac vice* in a New Jersey court. *See Glick v. Barclays De Zoete Wedd, Inc.,* 300 *N.J.Super.* 299, 307–10, 692 *A.*2d 1004 (App.Div.1997). It also applies to any contingent fee agreement for legal services, regardless of whether litigation is actually filed. *Cf. Anderson v. Conley,* 206 *N.J.Super.* 132, 140, 501 *A.*2d 1057 (Law Div.1985). However, defendant argues that because its members are not admitted to practice in New Jersey *and* it entered into a settlement of plaintiffs' claims before suit was filed, the rule does not apply.

We find nothing in the language of *Rule* 1:21–7 or the policies it was designed to serve to support defendant's argument. By its terms, the rule applies to all contingent fee agreements for legal services, regardless of the Bar membership of the attorney providing those services. Furthermore, the policies behind the rule—the protection of the public from overreaching by attorneys and excessive legal fees, *American Trial Lawyers Ass'n v. New Jersey Supreme Court, supra,* 126 *N.J.Super.* at 586–88, 316 *A.*2d 19—would be undermined if the rule were held to be inapplicable solely because defendant was composed entirely of members of

another state's Bar. Plaintiffs and the driver of the other vehicle involved in the accident were New Jersey residents, and the accident occurred in New Jersey. Consequently, plaintiffs' claims against the other driver were governed by New Jersey law, *cf. Mellk v. Sarahson*, 49 *N.J.* 226, 228–29, 229 *A.*2d 625 (1967), and insofar as the record indicates, any suit arising out of those claims would have to have been initiated in a New Jersey court. Thus, New Jersey had the same interest in protecting plaintiffs from overreaching conduct and excessive legal fees that it would have had if defendant had been a New Jersey law firm. In fact, although the record is inadequate for us to make a definite determination, defendant may have engaged in the unauthorized practice of law in New Jersey by undertaking to represent plaintiffs. *Cf. Estate of Vafiades v. Sheppard Bus Serv., Inc.*, 192 *N.J.Super.* 301, 310–15, 469 *A.*2d 971 (Law Div.1983). Without deciding this issue, however, we are satisfied that New Jersey had such a predominant interest in the legal representation provided plaintiffs that *Rule* 1:21–7 governed that representation. *See Anderson v. Conley, supra*, 206 *N.J.Super.* at 138–40, 501 *A.*2d 1057; *cf. Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd.*, 847 *F.Supp.* 1244, 1247–51 (D.N.J.1994), *aff'd*, 67 *F.*3d 292 (3d Cir.1995), *cert. denied*, —— *U.S.* ——, 116 *S.Ct.* 921, 133 *L.Ed.*2d 850 (1996); *Bernick v. Frost*, 210 *N.J.Super.* 397, 402–05, 510 *A.*2d 56 (App.Div.), *certif. denied*, 105 *N.J.* 511, 523 *A.*2d 158 (1986).

Defendant also argues that the application of *Rule* 1:21–7 to their contingent fee agreement with plaintiffs violates the Commerce Clause of the United States Constitution. *U.S. Const.* art. I, § 8, cl. 3. This argument is clearly without merit and does not require discussion. *R.* 2:11–3(e)(1)(E).

Finally, because we have a serious concern whether defendant's representation of plaintiffs constituted the unauthorized practice of law in New Jersey, we refer this question to the Unauthorized Practice of Law Committee for such action as it may deem appropriate. See *R.* 1:22.

Affirmed.