Spencer **MATHIS**, as Administrator of the Estate of Lee Howard Mathis, deceased; Spencer Mathis, his father and Dorothy Mathis, his mother, Plaintiffs,

v.

Joseph **MOTLEY**, Jr. and The Hertz Corporation, Defendants.

Civ. A. No. 85–3884(SSB).

United States District Court, D. New Jersey.

Dec. 5, 1986.

Tomar, Parks, Seliger, Simonoff & Adourian by Lisa J. Rodriguez, Haddonfield, N.J., for plaintiffs.

Moss, Powers & Lezenby by William R. Powers, Jr., Moorestown, N.J., for defendant Joseph Motley, Jr.

OPINION

BROTMAN, District Judge:

This wrongful death and survival action, filed on August 6, 1985, arises out of an automobile accident which occurred in Florida on August 22, 1983. Plaintiffs are Spencer Mathis, father and administrator of the estate of decedent Lee Howard Mathis, and Dorothy Mathis, mother of decedent. Summary judgment has been granted in favor of defendant Hertz Corporation from whom defendant rented the automobile in which the accident occurred. *See* Order filed July 14, 1986. The only remaining defendant is Joseph Motley. Plaintiffs are residents and citizens of Pennsylvania. Defendant Motley is a resident and citizen of New Jersey. As the amount in controversy exceeds $10,000, the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The issue before the court involves conflict of laws. Defendant has moved for a

determination that the law of New Jersey be applied in calculating the amount of damages recoverable in this survival action. Plaintiffs oppose that motion and seek to apply the law of either Pennsylvania or Florida on the question of damages.

Before turning to the conflict of laws issue, the court must resolve a factual dispute regarding decedent's residency at the time of his death. In the complaint, plaintiffs assert that Lee Mathis was a Pennsylvania resident and citizen. Defendant contends that decedent was a New Jersey resident. Defendant points out that the death certificate indicates that the decedent's residence was in Pedricktown, New Jersey and that a filed deed shows that when decedent purchased the Pedricktown property, he stated his address to be in Penns Grove, New Jersey.

Plaintiffs do not dispute that decedent owned property located in New Jersey. Spencer Mathis, however, testified at his deposition that decedent did not reside at the New Jersey address, but rather rented the property to another. Furthermore, decedent had his own room and kept his personal belongings at plaintiffs' Sharon Hill home in Pennsylvania. Plaintiffs also note that decedent held a Pennsylvania driver's license at the time of his death, and that the Hertz rental agreement and the credit card used for the rental documented decedent's address in Sharon Hill, Pennsylvania. Following decedent's death, his father administered the estate in Pennsylvania. After consideration of the submissions and arguments on this issue, the court finds that for purposes of the conflict of laws analysis, the decedent was a resident of Pennsylvania at the time of his death.

**Discussion**

Under the New Jersey Survival Act, N.J.S.A. 2A:15–3, plaintiff can recover essentially for pain and suffering between the time of injury and death. *See Foster v. Maldonado*, 315 F.Supp. 1179, 1180 (D.N.J. 1970). Pennsylvania's Act, however, permits these elements of damages but also allows recovery for decedent's prospective lost earning capacity. 20 P.S. §§ 320.601–

03. In this case, given that Lee Mathis died on the day of the accident, the choice of law will have a significant impact on the plaintiffs' recovery in their survival action.

A federal court sitting in diversity must apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The motion therefore must be decided in conformity with the choice of law theory adopted by the New Jersey courts.

In several cases, New Jersey has rejected the *lex loci delicti* choice of law rule and instead adopted the governmental interest analysis. *See Pfau v. Trent Aluminum Co.*, 55 N.J. 511, 263 A.2d 129 (1970); *Mellk v. Sarahson*, 49 N.J. 226, 229 A.2d 625 (1967). Under this approach,

> The court determines first the governmental policies evidenced by the laws of each related jurisdiction and, second, the factual contacts between the parties and each related jurisdiction. A state is deemed interested only where application of its law to the facts in issue will foster the state's policy.

*Henry v. Richardson-Merrell, Inc.*, 508 F.2d 28, 32 (3d Cir.1975).

In this case, three states have an arguable interest in having their law apply: Pennsylvania, where the plaintiffs reside; New Jersey, where the defendant resides; and Florida, where the accident occurred.

Florida's Wrongful Death Act, F.S.A. § 768.21–768.27, will allow recovery for emotional loss by certain survivors and the recovery of net accumulations of the estate of the decedent. The legislative intent as expressed in F.S.A. § 768.17 indicates that Florida's is a loss distribution statute, not a conduct regulating statute. That is, the legislature intended to speak to the proper damages recoverable by injured plaintiffs, not to regulate the conduct of drivers on its roads. As neither the plaintiffs nor the defendant are Florida residents, Florida has no interest in the loss distribution in this proceeding. Florida law will not be followed with respect to damages. *See*

*Van Dyke v. Bolves*, 107 N.J.Super. 338, 258 A.2d 372 (App.Div.1969).

The conflict of laws question thus becomes whether to apply New Jersey or Pennsylvania law. The governmental interest underlying Pennsylvania's survival statute is Pennsylvania's concern with the administration of the estates of its decedents and its desire to protect the financial interests of its decedent's creditors. *See Foster v. Maldonado*, 315 F.Supp. at 1183. Because plaintiffs here are administering a Pennsylvania estate, the interest of Pennsylvania would be furthered by application of its law on this issue. Pennsylvania, therefore, is an interested jurisdiction.

New Jersey courts disagree about the intent of the New Jersey legislature in passing its Survival Act. This court, in *Colley v. Harvey Cedars Marina*, 422 F.Supp. 953, 955 (D.N.J.1976), in applying New Jersey law, stated that the legislative intent underlying the statute that gives very limited benefits to decedent's estates is to protect New Jersey resident defendants from large recoveries. That interpretation of the legislative intent was applied by the Honorable Mitchell H. Cohen, United States District Judge, in another New Jersey case, *Nolan v. Found. and Structures*, No. 83–1372 (D.N.J. April 19, 1984) (unpublished opinion) [Available on WESTLAW, DCTU database]. In *Pollock v. Barrickman*, 610 F.Supp. 878 (D.N.J. 1985), when confronted with facts similar to those in *Colley*, the Honorable John F. Gerry, United States District Judge, disagreed. In deciding to apply Pennsylvania law, he rejected the *Colley* interpretation of the intent of the New Jersey Survival Act. The court stated that, "When enacting the statute, the Legislature was principally, if not solely, concerned with the plight of the decedent and his estate, not with the defendant tort-feasor." *Pollock*, 610 F.Supp. at 880.

This court continues to assert the *Colley* position—that in providing for such limited recovery, the Legislature was expressing its interest in protecting New Jersey defendants. Because defendant Motley is a New Jersey resident, the interest of that state would be furthered by application of its law in this case. New Jersey is also an interested jurisdiction.

This case thus presents a "true conflict" as both Pennsylvania and New Jersey have an interest in having their law apply. In *Colley*, the court balanced the two interests and decided to apply New Jersey law. Although *Colley* is somewhat similar to the case at bar, there is a key distinction. In *Colley*, as here, the plaintiffs resided in Pennsylvania, and the defendants in New Jersey. However, whereas the injury in *Colley* occurred in New Jersey, the car accident in this case occurred in Florida. The *Colley* court relied heavily on the fact that the injury occurred in New Jersey in its decision to apply New Jersey law. The court cited Professor D.F. Cavers of the Harvard Law School[1] stating that it would be unfair if a defendant from a state with a statute affording him a high standard of care or of financial protection would be able to gain the protection of that statute in any state in which he caused an injury. The Cavers analysis suggests that the law of the state in which the injury occurred should be applied (as it was in *Colley*). This court agrees with the *Pollock* discussion of Cavers that "this makes good sense ... only where the state of injury is truly interested in protecting the defendant." *Pollock*, 610 F.Supp. at 880. In *Colley*, the state of injury was also an interested jurisdiction. As discussed above, Florida, the state of injury in this case, has no interest in having its law apply. The court is thus left to balance the concerns of the two interested jurisdictions, New Jersey and Pennsylvania.

The court holds that given that the injury did not occur in New Jersey, the strong interest of Pennsylvania in the administration of its decedents' estates outweighs New Jersey's interest in this case. Thus, the court will apply the law of Pennsylvania to the question of damages in this survival action.

1. D.F. Cavers, The Choice-of-Law Process    (1965).

An appropriate order will be entered by the court.