660 A.2d 552

JOSEPH CERCIELLO, JR., PLAINTIFF–APPELLANT, v. THOMAS
MACCONCHIE AND GALE MACCONCHIE, HUSBAND AND
WIFE; DEFENDANTS–RESPONDENTS, AND JOHN ALMAND,
MANUFACTURER; AND ANGLER MANUFACTURING, MANU-
FACTURER; FRANK'S BOATS; WALTER ROGERS; JOHN
DOE A–Z, BEING A FICTITIOUS NAME FOR A SUPPLIER OR
DISTRIBUTOR OF PLEASURE BOATS AND/OR BOAT SEATS;
POMTANETTE, INC.; GARELICK MANUFACTURING CO.,
MANUFACTURER OF THE SEAT ON WHICH PLAINTIFF
WAS INJURED; AND JOHN MOE A–Z, BEING FICTITIOUS
NAME FOR A MANUFACTURER OF THE BOAT, DEFEN-
DANTS.

Superior Court of New Jersey
Appellate Division

Submitted June 27, 1995—Decided July 5, 1995.

Before Judges PRESSLER and PETRELLA.

*Drazin & Warshaw,* attorneys for appellant (*John R. Connelly, Jr.,* of counsel and on the brief).

*Dowd & Reilly,* attorneys for respondents Thomas and Gale MacConchie (*Bernard M. Reilly,* on the brief).

438

PER CURIAM.

This personal injury action arises out of a pleasure-boating accident that occurred on the afternoon of August 13, 1988. Plaintiff Joseph Cerciello, Jr. appeals from an order granting summary judgment dismissing his complaint. Because the trial court relied upon principles of liability not here applicable, we reverse the court's order dismissing plaintiff's cause of action against defendant Thomas MacConchie, the owner and operator of the vessel herein involved. We affirm, however, that part of the order dismissing plaintiff's claim against defendant Gale MacConchie.

The relevant facts are undisputed. Plaintiff and defendant Thomas MacConchie were friends of long-standing, and plaintiff was MacConchie's frequent guest on recreational excursions on the twenty-one-foot fiberglass open fishing boat which MacConchie purchased from its previous owner in 1986. Plaintiff sometimes assisted MacConchie in performing minor repairs to the boat, most often relating to a faulty charging system, and in wiping down the boat at the end of the day's outing. The craft was propelled by an engine situated at the rear and was equipped with two seats, one for the operator and one for a passenger, located in the cabin toward the front of the boat. A pole supported each seat, the underside of which consisted of a piece of plywood. The seat base was affixed to the pole by means of a bracket screwed into the plywood. The seat back was, in turn, attached to the seat base by means of additional brackets that were also screwed into the plywood.

On the day of the accident, plaintiff met MacConchie in the early afternoon and assisted him in charging the boat's batteries. Gale MacConchie, Thomas's wife, then arrived at the dock, and all three went for a ride in the boat. After spending a few hours in Belford Channel, where they swam and met other friends, the party returned to shore in order to drop off Mrs. MacConchie, who had a late afternoon appointment.

The two men again headed out into the channel, MacConchie driving and plaintiff seated in the passenger chair. Mr. MacConchie was increasing speed as the boat approached the end of Belford Channel when suddenly the back of the passenger chair gave way causing plaintiff to fall backwards, landing on his neck, back and shoulders. As a result of this fall, plaintiff suffered spinal injury. Evidently, neither plaintiff nor defendant Thomas MacConchie had been aware that the seat was in any imminent danger of collapsing, and, in fact, Gale MacConchie had earlier that day been seated there with her child. It appears, however, that the cause of the accident was the rotted state of the plywood underneath the seat causing the seat-back brackets to tear away.

Plaintiff filed a complaint and amended complaint asserting causes of action in negligence against Thomas MacConchie and Gale MacConchie.[1] The MacConchies answered and, following discovery, they moved for summary judgment dismissing the complaint and cross-claims against them. They argued that the actionability of their conduct was subject to the standard governing liability to social guests and consequently that their only duty was to warn of a known danger. Since plaintiff was unable to adduce facts supporting their knowledge of the hazardous condition, they contended that his cause of action failed. Moreover, defendants contended that no viable cause of action existed against Mrs. MacConchie, who was neither owner nor operator of the boat.

In opposing the motion, plaintiff argued that ordinary due-care principles of negligence applied. He thus contended that since Thomas MacConchie had had the opportunity to observe the deteriorated condition of the wood prior to the accident, and should have made that observation, he was negligent in allowing plaintiff to use the seat which he knew or should have known was in a state of disrepair. Plaintiff relied both on the deposition

---

[1] Plaintiff named several other defendants including the manufacturer of the boat, all of whom are no longer parties to the suit.

testimony of MacConchie, who described his practice of removing the seats for winter storage, as well as on photographs showing the rotted condition of the plywood base of the seat. The trial court, relying on the common-law principles governing the liability in negligence of owners and possessors of real estate, granted defendants' motion, concluding that they had only a duty to warn of a dangerous condition of which they were aware and that plaintiff had failed to demonstrate directly or by inference defendants' requisite knowledge. *R.* 4:46–2.

The trial court relied upon well-settled principles governing the obligations an occupier of land owes to those coming upon the land. Traditionally, the nature of the duty depends upon whether the person is an invitee, a licensee or a trespasser. *Hopkins v. Fox & Lazo Realtors,* 132 *N.J.* 426, 625 *A.*2d 1110 (1993), *affirming,* 252 *N.J.Super.* 295, 599 *A.*2d 924 (App.Div. 1991). *See, e.g., Snyder v. I. Jay Realty Co.,* 30 *N.J.* 303, 311, 153 *A.*2d 1 (1959); *Russell v. Merck & Co.,* 211 *N.J.Super.,* 413, 417, 511 *A.*2d 1247 (App.Div.1986). An invitee is owed the duty of using reasonable care in ensuring that the premises are safe, including the making of a reasonable inspection to discover defective conditions, while an invitee who is a social guest is owed a duty of narrower scope, encompassing only the obligation to warn of risks of dangerous conditions of which the host has knowledge and the guest is unaware. *Hopkins, supra,* at 434, 625 *A.*2d 1110. *And see Berger v. Shapiro,* 30 *N.J.* 89, 97–98, 152 *A.*2d 20 (1959); *Benedict v. Podwats,* 109 *N.J.Super.* 402, 406–407, 263 *A.*2d 486 (App.Div.), *aff'd o.b.,* 57 *N.J.* 219, 271 *A.*2d 417 (1970).

Although we recognize that the facts presented raise the appearance of an analogous social host/guest relationship, we decline to apply those principles of liability here. Rather, we conclude that the applicable analogous principle is that defining the duty of care that the owner or operator of an automobile owes to passengers, namely the duty to exercise reasonable care. *Cohen v. Kaminetsky,* 36 *N.J.* 276, 176 *A.*2d 483 (1961) (rejecting the invitee/licensee distinction to differentiate standard of care owed

social guest automobile passenger). *And see Immer v. Risko,* 56 *N.J.* 482, 491, 267 *A.*2d 481 (1970); *Pfau et al. v. Trent Aluminum Co. et al.,* 55 *N.J.* 511, 515, 263 *A.*2d 129 (1970); *Mellk v. Sarahson,* 49 *N.J.* 226, 231, 229 *A.*2d 625 (1967); *Mullane v. Stavola,* 101 *N.J.Super.* 184, 189, 243 *A.*2d 842 (Law Div.1968). We think it plain that pleasure boat owners and operators, no less than automobile owners and operators, must exercise a reasonable degree of care to ensure the safety of their passengers and are answerable to their passengers who suffer an injury on account of a breach of that duty. We are guided here by the heightened risks attendant upon the operation of water-borne vessels capable of achieving high rates of speed and can perceive no reason why a guest passenger in a pleasure boat should be owed a narrower duty than the reasonable duty of care ordinarily owed a guest passenger in an automobile. The injury plaintiff sustained here was the result of an allegedly defective condition rather than negligent operation. But clearly the duty of reasonable care of an automobile owner encompasses the obligation to maintain the vehicle in a safe condition. *See Roman v. Mitchell,* 82 *N.J.* 336, 344, 413 *A.*2d 322 (1980); *Cohen, supra,* 279–280, 176 *A.*2d 483. The same is obviously true of a pleasure boat owner.

Thus, there remain several factual issues for a jury's consideration, namely, whether an unreasonably dangerous condition existed on defendant's boat in light of the apparently deteriorated condition of the passenger seat and whether defendant Thomas MacConchie knew of or should have discovered the dangerous condition through inspection or other measures and, consequently, should have taken steps to avoid the mishap. *See R.* 4:46–2. These issues are well within the jury's ability to resolve and do not require the testimony of an expert witness as defendants assert. We further note that defendant Thomas MacConchie's deposition testimony that he routinely removed the boat seats from their pedestals for winter storage would permit the inference that he knew of the rotted condition of the underside of

the seat and realized or should have realized the screws would be likely to be torn away from the wood as a consequence.

■ Finally, we can discern no theory of liability making defendant Gale MacConchie answerable for plaintiff's injuries. Mrs. MacConchie neither owned the boat nor operated it on the day of the accident. Accordingly, we affirm that portion of the trial court's order dismissing the claims against her.

The order of the trial court dismissing the complaint is affirmed as to defendant Gale MacConchie and reversed as to defendant Thomas MacConchie. We remand the matter to trial for further proceedings consistent with this opinion.

It is so ordered.