707 A.2d 1093

DANIEL RIDENOUR, AN INFANT BY HIS GUARDIAN AD LITEM, JOHN W. RIDENOUR AND JOHN W. RIDENOUR, INDIVIDU-ALLY, PLAINTIFFS-APPELLANTS, v. BAT EM OUT, ROWE INTERNATIONAL, INC., BARRY WHITE AND STAR GAMES, INC., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 2, 1998—Decided April 14, 1998.

Before Judges LANDAU, NEWMAN and COLLESTER.

*Steven L. Kessel* argued the cause for appellants (*Drazin & Warshaw,* attorneys; *Paula A. Sawyer,* on the brief).

*Jeffrey M. Kadish* argued the cause for respondent Rowe International, Inc. (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys; *Mr. Kadish* and *Jodi F. Bouer,* on the brief).

*Granville M. Magee* argued the cause for respondents Barry White and Star Games, Inc. (*Magee & Isherwood,* attorneys; *Thomas Isherwood,* of counsel; *Mr. Magee,* on the brief).

Respondent Bat Em Out has not filed a brief.

The opinion of the court was delivered by

LANDAU, J.A.D.

Daniel Ridenour, an infant, by his guardian *ad litem,* John W. Ridenour, and John W. Ridenour, individually, (together hereinafter referred to in the singular as "plaintiff"), appeal from the award of summary judgment to defendants Bat Em Out, Rowe International, Inc. (Rowe), Barry White and Star Games, Inc. (together, "Star Games"), on plaintiff's complaint sounding in products liability, negligent installation, and maintenance of a condition dangerous to business invitees.

In 1993, Daniel, then eleven years old, suffered a broken leg on the premises of Bat Em Out, a commercial recreation facility, when a two-hundred pound change-making machine manufactured by Rowe, sold to and owned by Star Games, and then installed and maintained by Star Games at Bat Em Out's recreational facility, was tipped over by the youthful customer.

Summary judgment was awarded to all defendants, essentially premised upon the same reasoning, i.e., absence of an expert's report. We view the relationship between each defendant and plaintiff to be sufficiently different as to have necessitated separate analyses, leading to different results. We modify the grant of

summary judgment to Rowe, reversing it in part; similarly reverse in part as to Star Games; and partially reverse as to Bat Em Out.

Our discussion begins by noting that in answers to interrogatories, plaintiff certified that:

4. On August 23, 1993 the plaintiff and his friends went to Bat Em Out to play the games there and to practice batting. The plaintiff pushed the change machine to try to get change out and it rocked over onto him breaking his left leg.

The motion judge had granted several lengthy continuances to allow plaintiff to secure an expert's report. None was provided as plaintiff contended that an expert was not required. All defendants moved for summary judgment.

### The Motions

Defendant Rowe's motion for summary judgment sought dismissal of the strict products liability contentions made against it as a manufacturer of the change machine. Rowe argued that plaintiff's case could not be substantiated without an expert report setting forth the ways in which the product was not reasonably fit, suitable or safe for its intended purpose, whether by manufacturing defect, design defect or inadequacy of warning. *See N.J.S.A.* 2A:58C–2; *Jurado v. Western Gear Works,* 131 *N.J.* 375, 380–81, 619 *A.*2d 1312 (1993); *Ladner v. Mercedes–Benz of N. Am., Inc.,* 266 *N.J.Super.* 481, 487–89, 630 *A.*2d 308 (App.Div.1993), *certif. denied,* 135 *N.J.* 302, 639 *A.*2d 301 (1994).

Plaintiff's complaint against defendant Rowe alleged, *inter alia,* that "[t]he product known as a change machine was in a defective condition when it left the possession and control of this defendant." The complaint also asserted that the machine was not reasonably fit, suitable or safe for its intended purpose because it deviated from the design formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same specifications.

Plaintiff responded to Rowe's motion that no expertise was necessary to show that a heavy change machine was defective if

mere pushing or rocking by an eleven-year old could cause it to topple. Initially, plaintiff's briefed motion response also pointed to the manufacturer's failure to take any steps to prevent the machine from tipping, by providing means for bolting to the floor or wall. At oral argument on the summary judgment motion, however, plaintiff's counsel conceded that this argument was in error, and that his office had been provided with Rowe's installation manual which described how the coin changer could be secured to a wall or floor at the installer's option.

The motion judge reasoned that expert testimony was necessary to establish a design defect, and that ordinary jurors with common knowledge would not be in a position to determine whether the change machine was improperly designed, particularly as it was capable of being bolted at the installer's option.

While agreeing that expert testimony should be required to establish a defect of tipping vulnerability, Star Games argued that if it were to be deemed responsible for securing the machine against a tipping hazard, then it should have been warned by Rowe of that hazard. (Because all defendants were successful on their motions directed at plaintiff, there are no cross-appeals.)

When the motion judge indicated during the course of argument that judgment would be awarded to Rowe, against whom only strict products liability was pleaded, Bat Em Out's counsel argued that any products liability counts against the remaining defendants for placing a defective product into the stream of commerce must likewise be dismissed.

As to defendants Bat Em Out and Star Games, the judge also considered plaintiff's contention that the interrogatory answer of plaintiff stating that he merely pushed the machine to get change out and it "rocked" over, furnished a sufficient factual basis, if believed, to obviate any need for expert testimony on the issues of negligent installation and maintenance of a dangerous condition. Plaintiff's counsel argued:

> You have an upright piece of machinery, an upright anything that has weight, if it has a tendency to fall if a child tries to rock it, then the people who own the premises, the people who put it there should have the sense to secure it.
>
> That's my argument in a nutshell. Now whether or not that has anything to say about Rowe Manufacturing, I don't know. If I had to stretch the argument, I would say that a jury could find that the machine was designed defectively in that it was top heavy. But no, we don't have an expert that says that, and I recognize the product's liability statute and case law say about that [sic].

After being told that Rowe's motion would be granted, plaintiff's counsel continued:

> As to the property owner and as to people who installed the machine, my argument is simply this, that the machine presented a dangerous condition because the child who was trying to get the change out of the machine by rocking it or whatever he was doing, should not have been able to knock it over onto himself.
>
> And they should have known that it had that risk. And it's a risk that easily could have been addressed by securing it to the post or the wall or whatever.

Bat Em Out and Star Games argued that there was nothing to show that the non-manufacturer defendants were aware of a risk of tipping when the change machine was used in its ordinary fashion as it was intended to be used, and that expert testimony would be necessary to show the nature of the hazard.

These principles govern the resolution of plaintiff's appeal:

■ (1) Inasmuch as the accident occurred in 1993, it is subject to the Products Liability Act, *N.J.S.A.* 2A:58C–1 to –7, but not to *N.J.S.A.* 2A:58C–8 and –9 enacted in 1995.

■ (2) The Products Liability Act does not address the issue of misuse or unintended use. Consequently, products liability common law principles remain applicable. *See* William A. Dreier et al., *New Jersey Products Liability & Toxic Torts Law* § 2:1 at 13, § 5:3–2 at 33 (1998); *Jurado, supra,* 131 *N.J.* at 384–86, 619 *A.*2d 1312.

■ (3) As to the defendants who are subject to statutory or common law products liability exposure, plaintiff has the burden of showing that his misuse by pushing and rocking the machine was objectively foreseeable. It is for the jury to determine whether

such manner of misuse was objectively foreseeable. *Jurado, supra,* 131 *N.J.* at 386–91, 619 *A.*2d 1312.

(4) At least until enactment of *N.J.S.A.* 2A:58C–8 and –9 in 1995, New Jersey common law held sellers, lessors, and others having a significant role in the chain of distribution to strict products liability responsibility. *See, e.g., Michalko v. Cooke Color and Chem. Corp.,* 91 *N.J.* 386, 394, 396, 401, 451 *A.*2d 179 (1982); *Cintrone v. Hertz Truck Leasing & Rental Serv.,* 45 *N.J.* 434, 212 *A.*2d 769 (1965); Dreier, *supra,* § 2.1 at 13, 14.

(5) There is a duty to warn as to dangers inherent in a reasonably foreseeable misuse, which warnings must be given by the manufacturer *and* subsequent parties in the chain of distribution. *Michalko, supra,* 91 *N.J.* at 394, 403, 451 *A.*2d 179. Because of its role in placing the change machine into the stream of commerce and in its continued ownership and provision of the change device which serves customers of the amusement machines, Star Games as well as Rowe must be held subject to products liability principles.

(6) As the provider and installer of the change machine, Star Games, unlike Rowe, is also subject to plaintiff's allegations of negligent installation and maintenance.[1] *See Cartel Capital Corp. v. Fireco of N.J.,* 81 *N.J.* 548, 561, 410 *A.*2d 674 (1980).

(7) A business proprietor such as Bat Em Out must provide a reasonably safe place for its business invitees to do that which is within the scope of the invitation to patrons. *See, e.g., Hopkins v. Fox & Lazo Realtors,* 132 *N.J.* 426, 433, 625 *A.*2d 1110 (1993).

---

[1] Comparative negligence may be asserted as a defense to the negligence claim, whereas to the extent premised upon products liability, plaintiff's unreasonable and voluntary exposure to a known risk may instead be asserted by a defendant. *Cartel Capital Corp. v. Fireco of N.J.,* 81 *N.J.* 548, 562–63, 410 *A.*2d 674 (1980).

*Effect of the Above Principles in This Case*

█ The record before us discloses nothing to support plaintiff's pleaded assertions of defects in manufacture or design, particularly in light of the machine's now-admitted capacity to be fastened to a floor or wall at the installer's option. In consequence, absent an expert's support, we agree that summary judgment was properly awarded to Rowe on the issues of manufacturing and design defect. As noted above, however, plaintiff pleaded product defect broadly enough to encompass the defect of a failure to warn of a reasonably foreseeable hazard. Failure to warn was argued during the motion proceedings, and Rowe's pleadings included a separate defense of "adequate warning or instruction."

█ Accepting for the purposes of the motion the truth of plaintiff's contention respecting the machine's susceptibility to tipping over by the push of an eleven-year old boy, no expert report was necessary to support a jury finding that it was objectively foreseeable that a patron unable to retrieve change from the machine might engage in the misuse of pushing or rocking it, and that a warning should have been provided to its installer, to persons responsible for its use and to ultimate users, respecting such susceptibility. *Macri v. Ames McDonough Co.*, 211 *N.J.Super.* 636, 512 *A*.2d 548 (App.Div.1986), cited by Rowe in its responding brief, is not to the contrary. *Id.* at 642, 643, 512 *A*.2d 548. *See also Crawn v. Campo*, 136 *N.J.* 494, 508–09, 643 *A*.2d 600 (1994).

The factual issue raised by plaintiff's version of the accident was sufficient to survive a *R.* 4:46–2 motion on the warning issue, even under the demanding standards of *Brill v. Guardian Life Ins. Co. of Am.*, 142 *N.J.* 520, 666 *A*.2d 146 (1995), as the issue of objective foreseeability of the *manner* of misuse is for the jury. *Jurado, supra,* 131 *N.J.* at 389, 619 *A*.2d 1312.

Thus, we conclude that the factual issue raised by plaintiff's version of the accident was sufficient to defeat the motion for summary judgment on the warning issue as to the manufacturer,

Rowe, and as to Star Games in its role as the owner-provider of the change-making machine. The machine was provided by Star Games to Bat Em Out and placed on the latter's premises. We find no basis for a products liability claim, as distinct from the premises liability claim, against defendant Bat Em Out.

We turn to the question of negligence. That allegation is directed, as we construe the pleadings, at the liability of Bat Em Out as occupier-tenant of the premises, and Star Games, in its capacity as the installer and maintainer of the machine designed to provide change to patrons for use in the amusement devices.

■ Generally speaking, the owner or occupier of premises must exercise ordinary care in conducting activities on those premises to render the premises reasonably safe for its business invitees. This includes taking steps to correct or to warn of hazardous conditions or defects known or which, by exercise of reasonable care, could be discovered.

In *Mulraney v. Auletto's Catering,* 293 *N.J.Super.* 315, 680 *A.*2d 793 (App.Div.), *certif. denied,* 147 *N.J.* 263, 686 *A.*2d 764 (1996), we recognized that the duty of a business proprietor to its business invitees to provide a reasonably safe place to do that which is within the scope of the invitation was, as illustrated in *Butler v. Acme Markets, Inc.,* 89 *N.J.* 270, 445 *A.*2d 1141 (1982) and *Hopkins, supra,* undergoing a broadened application. "The inquiry should be ... whether in light of ... all of the surrounding circumstances" it is "fair and just" to impose a duty to exercise reasonable care in preventing foreseeable harm to patrons. *Mulraney, supra,* 293 *N.J.Super.* at 319–21, 680 *A.*2d 793.

■ Reasonable care by the owner or occupier does not ordinarily require precautions or even warning against dangers which are apparent (including those caused by third parties), but may subject the possessor to liability if the danger is known by the possessor or should reasonably have been anticipated. *Restate-*

*ment (Second) of Torts* § 343A, § 344 (1965)[2].

In an amusement center frequented by children as well as adults, a jury might properly find, depending upon the facts before it, that misuse in the form of a patron's pushing or rocking a machine that failed to provide change should reasonably have been anticipated by Bat Em Out, and by the installer-maintainer, Star Games. In this respect, the foreseeability of misuse issue is much like that discussed in the products liability context as to defendants Rowe and Star Games. Of course, resolution of this issue will be profoundly affected by what is established respecting the vulnerability of the machine to such pushing. Were a jury to believe plaintiff's statement that mere pushing by an eleven-year old was sufficient to cause the two-hundred pound machine to topple, the jury might reasonably conclude that such danger should have been discovered or anticipated by Star Games or by Bat Em Out, and appropriate bolting protections or warnings provided.

As set forth in our discussion on failure to warn, we disagree with the argument that, assuming acceptance of plaintiff's version of the accident, expert testimony was necessary to enable reasonable jurors to determine foreseeability of misuse or the danger presented by the change machine.

### Conclusion

Based upon the foregoing discussion, we affirm the grant of summary judgment to defendant Bat Em Out on the products

---

[2] *Restatement (Second) of Torts* § 344 provides:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

liability allegations of the complaint, and affirm the grant of summary judgment to Rowe, but only as to the allegations of defective manufacture and design. We reverse the grant of summary judgment to Rowe on the issue of failure to warn respecting foreseeable misuse of the product. We reverse the grant of summary judgment to Star Games, both on the issues of failure to warn of foreseeable misuse and on liability to expected business invitees or patrons for negligent installation and maintenance of the change machine. We reverse the grant of summary judgment to Bat Em Out on the premises liability issue.

Remanded for further proceedings consistent with this opinion.