**Rocco J. BRUNO, Plaintiff,**

v.

**MERV GRIFFIN'S RESORTS INTERNATIONAL CASINO HOTEL, Defendant.**

No. Civ.A. 96–7543.

United States District Court, E.D. Pennsylvania.

Feb. 23, 1999.

Glenn C. Equi, Philadelphia, PA, for plaintiff.

Kim Kocher, Philadelphia, PA, for defendant.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

While attempting to rise from his seat in front of a slot machine, plaintiff Rocco J. Bruno was "thrown" from his seat, suffering severe personal injuries. He brought this action against defendant Merv Griffin's Resorts International Casino Hotel, claiming the Casino knew or should have known of the hazardous condition, failed to properly maintain and inspect the chair, failed to warn customers, and allowed the premises to remain in a hazardous condition. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy is in excess of $ 75,000.00, exclusive of interest and costs.

Defendant has moved summary judgment (Document No. 15) based on its contention that the expected testimony of Jerold S. Weiner, an expert witness for Bruno is inadmissible, or, in the alternative, insufficient to carry the plaintiff's burden of proof. For the reasons stated herein, the motion will be denied.

## I. BACKGROUND

The event underlying this lawsuit occurred on or about November 12, 1994 while Rocco J. Bruno ("Bruno") was in New Jersey gambling at Merv Griffin's Resorts International Casino Hotel ("Casino"). In his deposition, Bruno described how the accident happened: "I wanted to get out of the seat . . . I wanted to give it a quarter of a turn to get out but it wouldn't move so I gave it another try. When I did that, it turned with such a force that it threw me up and off the height . . . and I landed on my right hip." (Bruno Dep. at 44). He further explained when he tried to turn the seat a second time, he was holding onto the seat with both hands and pushed off with his feet. (*Id.* at 44–46).

Suffering severe injuries as a result of his fall, Bruno brought this action sounding in negligence and asserting a failure to warn claim and a premises liability claim.

In further support of his contention that the chair malfunctioned, Bruno produced a report by Jerold S. Weiner. In preparing his report, Weiner examined and measured two exemplar chairs and a representative swivel plate assembly provided by the defendant, all nearly identical to the chair from which Bruno was thrown. (Apparently, through no fault of Bruno, Weiner was unable to inspect the actual chair involved in the accident). Weiner also reviewed and considered the deposition transcript of Bruno, dated March 6, 1997, in which Bruno described the circumstances surrounding his fall. In addition, Weiner noted that there are no nationally recognized standards for general purpose chairs of the type at issue here. Finally, Weiner observed the use of similar chairs on the casino floor. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Plt.Mem."), Exh. B).

## II. STANDARD FOR SUMMARY JUDGMENT

Defendants have moved pursuant to Federal Rule of Civil Procedure 56 for summary judgment. Under Federal Rule of Civil Procedure 56(c), summary judgment may be granted when, "after considering the record evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). For a dispute to be "genuine," the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party may not rely merely upon bare assertions, conclusory allegations, or suspicions. *Fireman's Ins. Co. of Newark v. Du-Fresne*, 676 F.2d 965, 969 (3d Cir.1982).

## III. DISCUSSION

In support of its motion for summary judgment, defendant argues that the opinion of Bruno's expert is inadmissible under Federal Rule of Evidence 702. Defendant argues that Bruno has offered no other evidence to support its claim that the chair malfunctioned or was defective such that a hazardous condition existed which was the cause of Bruno's injuries. Defendant argues therefore that summary judgment is appropriate. Bruno argues that the Weiner report is admissible and, in the alternative, that his claim for a failure to warn does not require expert testimony and, therefore, survives summary judgment.

### A. Admissibility of Plaintiff's Expert Opinion

■ Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court. The Rule has three major requirements: (1) the proffered witness must be a qualified expert; (2) the expert must testify about matters requiring scientific, technical, or specialize knowledge; and (3) the expert's testimony must assist the trier of fact. *Lauria v. Nat'l R.R. Passenger Corp.*, 145 F.3d 593, 597 (3d Cir.1998) (citing *United States v. Velasquez*, 64 F.3d 844, 849 (3d Cir.1995)). The essence of the Rule is to ensure that any expert testimony presented to the jury is not only reliable but also relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ("The Federal Rules of Evidence ... assigned to the trial judge the task of ensuring that an expert's testi-

mony both rests on a reliable foundation and is relevant to the task at hand.").

▮ In determining whether expert testimony is sufficiently reliable to be admissible under Rule 702, the Court assumes a "gatekeeping" function to protect against the admission of expert testimony that is unreliable or unhelpful. *Id.* at 592–95, 113 S.Ct. 2786. "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." [1] *Id.* at 592–93, 113 S.Ct. 2786. Here, in order for the Court to fulfill its duty as the "gatekeeper" of expert testimony, it must hold a hearing outside the presence of the jury prior to trial pursuant to Federal Rule of Evidence 104(a) to further examine the admissibility of Mr. Weiner's report or expert testimony. *See Childs,* 1998 WL 414719, at * 1. Thus, I will not determine the admissibility of Mr. Weiner's opinion at this writing.

## B. Negligence[2]

▮ A business proprietor such as the Casino must provide a reasonable safe place for its business invitees to do that which is within the scope of the invitation to patrons. *Ridenour v. Bat Em Out,* 309 N.J.Super. 634, 707 A.2d 1093, 1097 (N.J.Super.1998). The duty owed to a business invitee is an affirmative one obligating the proprietor to not only discover and eliminate any possible dangerous conditions or circumstances, but also to keep the premises reasonably safe. *O'Shea v. K Mart Corp.,* 304 N.J.Super. 489, 701 A.2d 475, 476–77 (N.J.Super.1997) (citing *Brown v. Racquet Club of Bricktown,* 95 N.J. 280, 471 A.2d 25 (N.J.1984)) (reversing grant of summary judgment because it could be inferred from factual circumstances that store owner created dangerous condition even though plaintiff did not have evidence of how accident occurred). Reasonable care by the owner or occupier does not ordinarily require precautions or even warning against dangers which are apparent (including those caused by third parties), but may subject the possessor to liability if the danger is known by the possessor or should reasonably have been anticipated. *Ridenour,* 707 A.2d at 1098 (citing Restatement (Second) of Torts §§ 343A & 344).

▮ In a gambling casino where all the slot machine chairs look identical but turn in different directions depending on their location and where patrons may sit for hours at a time, a jury might properly find that misuses in the form of a patron trying to turn the seat in a direction it was not intended to turn should reasonably have been anticipated by the defendant. *See id.* Were a jury to believe Bruno's account that merely pushing off by a one hundred and twenty-two pound man was sufficient to cause the chair to suddenly turn, the

---

1. The *Daubert* case dealt with the admissibility of scientific expert testimony. The Supreme Court did not indicate whether the test set forth in *Daubert* should be applied in cases of technical expert testimony. Nevertheless, I remain convinced that such an analysis applies to the admissibility of technical expert opinion. *See Childs v. General Motors Corp.,* 1998 WL 414719, at * 3 (E.D.Pa. July 22, 1998); *Padillas v. Stork–Gamco, Inc.,* 1997 WL 597655, at *6 (E.D.Pa. Sept.19 1997). District Courts have a duty to ensure that expert testimony is reliable. This duty applies regardless of whether the expert testimony is scientific or technical.

2. In a diversity case such as this one, this Court must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania has adopted a flexible choice of law methodology which combines contacts analysis and interest analysis. *Carrick v. Zurich–American Ins. Group,* 14 F.3d 907, 909–10 (3d Cir. 1994); *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (Pa.1964). Based upon the information before the Court, the factors appear to favor applying New Jersey tort law: the accident occurred in New Jersey, the alleged negligence occurred in New Jersey, and the defendant is a New Jersey corporation. Thus, to the extent that substantive rules govern the plaintiff's burden of proof, the Court will apply the law of New Jersey.

jury might reasonably conclude that such danger should have been discovered or anticipated by the Casino and appropriate maintenance or warnings provided. *See id.* (reversing grant of summary judgment because expert report was not required and plaintiff's account of accident was sufficient to raise factual issues on claim of failure to warn and negligent maintenance); *see also O'Shea*, 701 A.2d at 476–77 (reversing grant of summary judgment because it could be inferred from factual circumstances that store owner created dangerous condition even though plaintiff did not have evidence of how accident occurred); *Cerciello v. MacConchie*, 282 N.J.Super. 436, 660 A.2d 552, 555 (N.J.Super.1995) (reversing grant of summary judgment because issues of material fact existed in negligence action against boat owner as to whether unreasonably dangerous condition existed in boat's passenger seat and whether owner knew or should have discovered such condition in light of deteriorated condition and should have taken steps to avoid the mishap). Accepting the deposition testimony of Bruno, expert testimony is not necessary to enable reasonable jurors to determine foreseeability of misuse or the danger presented by the chair. *See Ridenour*, 707 A.2d at 1097 (noting that issue of objective foreseeability of manner of misuse is for jury to decide). Thus, the factual issue raised by Bruno's version of events is sufficient to defeat a motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, the motion will be denied. An appropriate Order follows.